IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA



| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:17CR297-1 |
| v. | : | |
| JASON MICHAEL HANDY | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Sandra J. Hairston, Acting United States Attorney for the Middle District of North Carolina, and the defendant, JASON MICHAEL HANDY, in his own person and through his attorney, John Bryson, and state as follows:

1. The defendant, JASON MICHAEL HANDY, is presently charged in a Bill of Information in case number 1:17CR297-1, which in Count One charges him with a violation of Title 18, United States Code, Section 2422(b), enticement of a minor; which in Count Two charges him with a violation of Title 18, United States Code, Section 2260A, offense by a registered sex offender; and which in Count Three charges him with a violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2), possession of child pornography.

2. The defendant, JASON MICHAEL HANDY, will enter a voluntary plea of guilty to the Information herein. The nature of theses charges and the elements of these charges, which must be proved by the United States beyond

a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

    a. The defendant, JASON MICHAEL HANDY, understands that as to Count One and Two of the Information herein, he shall be sentenced to a term of imprisonment of not less than twenty years nor more than life, as to each count, and the maximum fine for Counts One and Two of the Information herein is $250,000, as to each count. If any person derived pecuniary gain from these offenses, or if the offenses resulted in pecuniary loss to a person other than the defendant, JASON MICHAEL HANDY, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

    b. The defendant, JASON MICHAEL HANDY, understands that as to Count Three of the Information herein, he shall be sentenced to a term of imprisonment of not less than ten years nor more than twenty years, and the maximum fine for Count Three of the Information herein is $250,000. If any person derived pecuniary gain from these offenses, or if the offenses

resulted in pecuniary loss to a person other than the defendant, JASON MICHAEL HANDY, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

    c. The defendant, JASON MICHAEL HANDY, also understands that as to Counts One, Two, and Three of the Information herein, the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of any term of years not less than five, or life, after imprisonment, as to each count, pursuant to Title 18, United States Code, Section 3583(k).

    d. The defendant, JASON MICHAEL HANDY, also understands that the Court shall order, in addition to any other criminal penalty authorized by law, that the defendant make restitution, pursuant to Title 18, United States Code, Section 2259, to any victim of the offense charged in the Information herein. The defendant, JASON MICHAEL HANDY, further agrees to pay restitution, as determined by the Court, to any victims

3

harmed by defendant's "relevant conduct," as defined by U.S.S.G. § 1B1.3, pursuant to Title 18, United States Code, Section 3663A(a)(3).

e. The defendant, JASON MICHAEL HANDY, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

f. The defendant, JASON MICHAEL HANDY, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, JASON MICHAEL HANDY, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty

4

plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States.

g. The defendant, JASON MICHAEL HANDY, understands that, by entering a plea of guilty to the Information herein, he may be required to register as a sex offender under the laws of any state in which he may reside, and that it is the defendant's responsibility to comply with any applicable registration requirements. See 42 U.S.C. § 16901-16962 (Jacob Wetterling, Megan Nicole Kanka, and Pam Lychner Sex Offender Registration and Notification Program) and 18 U.S.C. § 4042 (2000) (requiring defendants to register as a sex offender within 10 days of release from incarceration or sentence to probation). If the defendant resides in the state of North Carolina following any term of imprisonment, the defendant agrees to register as a sex offender pursuant to N.C.G.S. §§ 14-208.5 - 208.45 in the county of his residence and provide verification to the probation department of such registration. The defendant also understands that if he does not return to, or moves from the state of North Carolina, he may be required to register as a sex offender pursuant to the state laws of his new residence.

3. By voluntarily pleading guilty to the Information herein, the defendant, JASON MICHAEL HANDY, knowingly waives and gives up his

5

constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, JASON MICHAEL HANDY, is going to plead guilty to the Information herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

    a. It is agreed that the defendant, JASON MICHAEL HANDY, will waive in open court prosecution by Indictment and consent to be charged in an Information.

    b. It is understood that if the Court determines at the time of sentencing that the defendant, JASON MICHAEL HANDY, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the

6

Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

  c. The defendant, JASON MICHAEL HANDY, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this plea agreement. The defendant, JASON MICHAEL HANDY, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

  d. Both the United States of America and the defendant, JASON MICHAEL HANDY, agree that a sentence of twenty-five years' imprisonment followed by a supervised release term of life is the appropriate disposition of this case, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The United States will recommend that the Court accept this plea agreement and sentence the defendant to twenty-five years' imprisonment and lifetime supervised release. If the Court imposes such a sentence, both parties waive their rights to appeal the conviction and sentence, and the Defendant waives any right to collaterally attack the conviction and sentence, pursuant to Title 18, United States Code, Section 3742(c), and

further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255, excepting the defendant's right to appeal or collaterally attack based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea, (3) a sentence in excess of the statutory maximum, and (4) a sentence based on an unconstitutional factor, such as race, religion, national origin or gender.

6. With regard to forfeiture, the United States and the defendant, JASON MICHAEL HANDY, agree as follows:

a. The defendant, JASON MICHAEL HANDY, knowingly and voluntarily consents and agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 2253(a)(1) and (a)(3), all visual depictions described in Title 18, United States Code, Sections 2252A or 2252, and any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of the United States Code, and all property, real or personal, used or intended to be used to commit or promote the

8

commission of the offense to which he is pleading guilty. The property to be forfeited includes, but is not limited to, the following:

    1.  iPad 4.

The defendant acknowledges that his interest in the foregoing property is subject to forfeiture based on the offense to which he is pleading guilty.

    b.  The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

    c.  The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant further knowingly and voluntarily waives all constitutional, legal and equitable claims, defenses and challenges to the forfeiture of assets in any proceeding, administrative,

criminal or civil, any jeopardy defense or claim of double jeopardy, and any claim or defense under the Eighth Amendment to the United States Constitution.

d. The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

e. The defendant agrees and understands that the abandonment, civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture of any property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

7. The defendant, JASON MICHAEL HANDY, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and

10

subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

8. The defendant, JASON MICHAEL HANDY, agrees that his debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he is current in his payments under any Court imposed payment schedule.

9. It is further understood that the United States and the defendant, JASON MICHAEL HANDY, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

10. The defendant, JASON MICHAEL HANDY, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, he shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the

11

Inmate Financial Responsibility Program for purposes of paying such special assessment.

11. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 10TH day of AUGUST, 2017.

SANDRA J. HAIRSTON
Acting United States Attorney

JOHN D. BRYSON
Attorney for Defendant

ERIC L. IVERSON
NCSB # 46703
Assistant United States Attorney
101 S. Edgeworth Street, 4th Floor
Greensboro, NC  27401
336/333-5351

JASON MICHAEL HANDY
Defendant

12